UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DALE MANZELL McDONALD, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No: 2:17-cv-043-LJM-MJD |
| | ) | |
| BRIAN SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). The petition of Dale McDonald for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) fails this test and the action must therefore be dismissed.

A "prisoner is entitled to one clean shot at establishing his entitlement to relief in a federal habeas corpus proceeding." *Pavlovsky v. VanNatta,* 431 F.3d 1063, 1064 (7th Cir.2005). When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). Thus, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Under § 2244(b)(3), this Court has no

jurisdiction to hear a second or successive habeas petition without authorization from the Seventh Circuit Court of Appeals. *See Burton v. Stewart,* 549 U.S. 147, 152–53 (2007). This statute "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996).

McDonald seeks a writ of habeas corpus challenging his conviction and 50-year sentence entered the Marshall Superior Court in No. 50D01-9701-CV-4. In *McDonald v. Superintendent*, No. 3:07-CV-575 (N.D. Ind. Jan. 14, 2008), he also challenged that same state conviction. His previous habeas petition was denied because it was untimely. A "prior untimely petition . . . is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims." *Altman v. Benik*, 337 F. 764, 766 (7th Cir. 2003). That disposition was thus "on the merits" for the purpose of triggering the requirements of 28 U.S.C. § 2244(b).

As to the present case, with the prior habeas petition having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be dismissed for lack of jurisdiction.

Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: _____5/3/2017_____    _____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Travis W. Cohron
BARKER HANCOCK COHRON, LLP
tcohron@bhclegal.com

Kathleen L. Matsoukas
BARNES & THORNBURG LLP (Indianapolis)
kmatsoukas@btlaw.com

Kyle W LeClere
BARNES THORNBURG LLP.
kleclere@btlaw.com